SHAW, PITTMAN, POTTS and TROWBRIDGE, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

No. 92–AA–1356.

District of Columbia Court of Appeals.

Argued March 3, 1994.

Decided May 5, 1994.

Maria E. Hallas, with whom Maryelena Pardo, was on the brief, for petitioner.

Laryce Woodyear–Dowe, for respondent.

Before FARRELL and KING, Associate Judges, and GALLAGHER, Senior Judge.

KING, Associate Judge:

Petitioner, Shaw, Pittman, Potts and Trowbridge ("the employer"), challenges the decision by the Acting Chief of the Office of Appeals and Review ("OAR") of the Department of Employment Services ("DOES"), reversing the appeals examiner's denial of unemployment benefits to a former employee. On appeal, the employer contends that OAR erred when it rejected the appeals examiner's factual findings and credibility determinations and by ruling that the examiner's decision was not supported by reliable, probative, and substantial evidence. We agree and reverse and remand.

## I.

On August 28, 1991, Richard Owens ("the employee") was terminated from his position as Duplicating Technician for the employer. The employer cited five grounds for his termination: failure to remain in his department to fulfill scheduled hours, failure to follow instructions, failure to comply with firm policies and procedures, failure to report to work consistently on time, and violation of a directive regarding contact with other employees during administrative leave.[1]

The employee sought and was initially awarded unemployment compensation benefits by a DOES claims examiner, and the employer appealed that determination. A hearing was held on November 21, 1991, and the employer presented evidence of misconduct on the part of the employee, including

---

1. The appeals examiner found that the employer failed to establish the last ground listed.

the testimony of DiAnn Dix, the Director of Support Services, and Delores Street, a housekeeper. Dix testified that she observed Owens repeatedly leave his work station for extended periods and linger at the firm's weekly wine and cheese gathering while on duty.[2] Dix also testified that she had received complaints from the employee's supervisor and co-workers regarding his lengthy disappearances and that she had counseled the employee regarding his violation of the employer's work rules. Finally, Dix testified that the employee continued to frequent the wine and cheese gathering even after she had warned him in writing that he could attend and remain at the event only long enough to take a plate of food and a non-alcoholic beverage. Street testified that she had seen the employee consuming alcoholic beverages at the wine and cheese event after he had been warned not to do so. In addition, Dix submitted a memorandum that she had written to the employee instructing him not to drink alcohol during his working hours, a letter to the file regarding her personal observation of the employee at the event, and a memorandum from another employee, Rick Smith, who also observed the employee at the wine and cheese event.

The appeals examiner credited the testimony of Dix and Street, finding that the employee did drink alcohol at the wine and cheese event in violation of stated policy after being warned,[3] was "away from his desk on a frequent basis and for long periods of time," was excessively tardy, and was absent without notifying his supervisor, despite warnings that he must to do so when he was going to be absent. Based on those findings, the appeals examiner ruled that the employer had established four acts of misconduct in that the employee: (1) left his work station without authorization, (2) failed to follow his supervisor's instructions regarding socializing when he should have been working, (3) violated work rules by drinking alcoholic beverages on the job, and (4) was excessively tardy. The appeals examiner further ruled that "each of the reasons cited for [the employee] being discharged are sufficient grounds to fire claimant."[4] On appeal OAR Acting Chief Ronald Perkins reversed, concluding that substantial evidence was lacking to support any of the findings of misconduct. The employer then petitioned this court seeking reversal of the OAR ruling.

## II.

In the District of Columbia, an individual who has been discharged for misconduct occurring in the course of his or her most recent work is ordinarily not eligible for unemployment compensation benefits. *See* D.C.Code § 46–111(b)(1) (1990). In reviewing a final decision of DOES, relating to a finding of misconduct, our role is limited. We will not "disturb a decision if it rationally flows from the facts relied upon, and those facts or findings are substantially supported by the evidence of record." *Jadallah v. District of Columbia Dep't of Employment Servs.*, 476 A.2d 671, 675 (D.C.1984) (citation and internal quotation marks omitted). In the instant case, however, OAR's rejection of the appeals examiner's decision cannot be sustained.

When OAR reviews an appeals examiner's decision, "due deference must be accorded to the credibility determinations of the

---

**2.** Each Friday evening the employer holds a wine and cheese party for its employees that lasts from approximately 5:00 p.m. to 8:00 p.m. Employees scheduled to work during the event are permitted to attend only to obtain a snack and a non-alcoholic beverage; they are then required to return to their work area. That policy applied to Owens, whose shift did not end until 8:00 p.m.

**3.** The appeals examiner also found that the rule barring the drinking of alcoholic beverages while on duty was a reasonable rule and was consistently enforced by the employer. *See* 7 DCMR § 312.4 (1986) (providing that if willful violation of employer's rules is the basis for a disqualifica-

tion from benefits because of misconduct, the Director shall determine that the existence of the employer's rule is known to the employee, the rule is reasonable, and is consistently enforced by the employer). Those findings were not disturbed by OAR and are not challenged on appeal.

**4.** *See Smithsonian Inst. v. District of Columbia Dep't of Employment Servs.*, 514 A.2d 1191, 1194 (D.C.1986) (if several reasons are cited for termination of employee, it must be determined whether each reason alone is enough to terminate or whether each reason is part of the "critical mass" that led to employee's dismissal) (citation omitted).

examiner who heard and evaluated the evidence." *Gunty v. Dep't of Employment Servs.*, 524 A.2d 1192, 1197 (D.C.1987). The rationale for such deference is that the appeals examiner is in the best position to observe the demeanor of the witnesses. *See Dell v. Dep't of Employment Servs.*, 499 A.2d 102, 106 (D.C.1985) (citing K. DAVIS, ADMINISTRATIVE LAW TREATISE § 17.16, at 330 (2d ed. 1980)). OAR "may not reject an appeals examiner's findings of disputed fact based on a resolution of witness credibility unless the examiner's findings are unsupported by substantial evidence." *Gunty, supra,* 524 A.2d at 1198. The requirement of substantial evidence means "more than a mere scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Washington Post Co. v. District Unemployment Compensation Bd.*, 377 A.2d 436, 439 (D.C.1977) (citation and internal quotation marks omitted).

■ Moreover, OAR may not substitute its judgment for that of the appeals examiner unless the evidence is inherently unreliable, because if "the Director can make [his or] her own credibility findings based upon a reading of the record, we would essentially scrap the principle of deference to the examiner who actually hears the testimony and is in the best position to make such determinations." *Gunty, supra,* 524 A.2d at 1198. Accordingly, in this case OAR lacked authority to reject the appeals examiner's resolution of witness credibility and was bound by the examiner's findings of disputed fact unless they were unsupported by substantial evidence. Finally, OAR is bound by the factual findings supported by substantial evidence even if OAR would "have reached a contrary result based on an independent review of the record." *Santos v. District of Columbia Dep't of Employment Servs.*, 536 A.2d 1085, 1088 (D.C.1988) (citation omitted).

### III.

■ We turn to an examination of whether OAR's rejection of the appeals examiner's findings can be sustained on the basis that those findings are not supported by substantial evidence. "This presents an issue of law, which this court is in a position to address without need for deference to [OAR's] decision." *Gunty, supra,* 524 A.2d at 1198 (citations omitted). *See also Dell, supra,* 499 A.2d at 107 ("Since the substantial evidence issue is an issue of law, the reviewing court has the greater expertise, and [OAR's] decision is therefore accorded less deference.") (citations and internal quotation marks omitted).

■ The appeals examiner determined that there were four independent acts of misconduct, each of which constituted a ground for termination. As noted above, those infractions included leaving the work station without authorization, failing to follow supervisor's instructions, excessive tardiness, and drinking alcoholic beverages on the job after being warned that doing so violated work rules. Since any one of these acts of misconduct would be sufficient to support a denial of unemployment compensation benefits, we need not address the first three charges because we are satisfied that OAR erred in rejecting the appeals examiner's findings of fact with respect to the employee's violation of the policy forbidding drinking alcohol while on duty. In rejecting the factual findings with respect to that charge, OAR ruled that the employee's own testimony, that he stopped drinking alcoholic beverages after he was told that to do so violated work rules, was unrefuted. The record, however, does not support that conclusion.[5]

The employer's evidence was presented through the testimony of Dix, who testified about the warnings given to the employee about drinking on duty, and the testimony of both Dix and Street, who testified concerning their own observations of the employee at the Friday wine and cheese parties. That evidence, if credited, established that after he

---

5. OAR also concluded that some of the evidence presented at the hearing was hearsay and could not "support a finding of misconduct." The hearsay evidence presented was principally directed to the other three charges and we therefore need not consider whether the appeals examiner's reliance on that evidence was supportable. The alcohol drinking charge, however, is based almost entirely on the testimony by the two employees who related what they personally observed.

was warned, the employee persisted in drinking alcoholic beverages at the Friday evening social event. The employee admitted that he had consumed alcohol on those occasions; he testified, however, that he did not do so after he had been informed by Dix that on-duty drinking violated the employer's policy. Any factual finding by the appeals examiner, therefore, necessarily turned on the examiner's determination of the credibility of the witnesses. *See Gunty, supra,* 524 A.2d at 1198–99 (observing that appeals examiner is not required to explain why one witness is favored over another) (citations omitted). On that question, the examiner found the employer's witnesses credible, and absent some inherent implausibility in that finding, which we do not discern in this record, OAR was obligated to accept it. *See id.* at 1198.

We hold that the testimony of the witnesses, together with the written documents submitted by the employer, provided more than sufficient support for the appeals examiner's finding that the employee was properly terminated because he had engaged in misconduct as defined by the statute. *See id.; see also* D.C.Code § 46–111(b)(2) (1990) (misconduct includes "deliberate violation of the employer's rules, [and] a disregard of standards of behavior which the employer has a right to expect of his employees"). Therefore, OAR's ruling that the employer did not meet its burden of showing that the employee's actions constituted misconduct is plainly wrong. *See Santos, supra,* 536 A.2d at 1088 (Director is bound by examiner's factual findings, if those findings are supported by substantial evidence, even if Director would reach a different conclusion in a *de novo* review of the record). Accordingly, OAR's rejection of those findings cannot stand; we therefore reverse and remand the case for reinstatement of the appeals examiner's determination that the employee is not entitled to receive unemployment compensation benefits. *See Dell, supra,* 499 A.2d at 106–107.

*Reversed and remanded.*