**Timothy L. HARKER, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**No. 96–AA–643.**

District of Columbia Court of Appeals.

Submitted Jan. 15, 1998.

Decided June 18, 1998.

---

Gary R. Letcher, Washington, DC, was on the brief for petitioner.

Laryce Woodyear–Dowe, was on the brief for respondent.

Before RUIZ and REID, Associate Judges, and MACK, Senior Judge.

MACK, Senior Judge:

Following her denial of unemployment benefits by an appeals examiner of the Department of Employment Services ("DOES"), claimant Diana J. Adams ("claimant") appealed to the Office of Appeals and Review ("OAR"). OAR reversed the decision of the appeals examiner and granted claimant benefits. Petitioner Timothy L. Harker ("petitioner") appeals from the decision of OAR, contending that OAR erred in ruling that claimant's violation of her employer's rules was caused by an "act of God" and therefore was not wilful. We reverse and remand.

## I.

Petitioner hired claimant as a legal secretary beginning July 20, 1994. Petitioner terminated claimant on December 20, 1995, when she failed to arrive at work due, she claimed, to inclement weather.

Claimant's initial claim for unemployment compensation was denied. The claims examiner determined that claimant had been discharged for "excessive absenteeism and tardiness," for which she had been warned, and

therefore was disqualified from receiving benefits under D.C.Code § 46–111(b)(1) (1981, 1996 Repl.), pertaining to gross misconduct.[1]

Claimant appealed this initial denial of benefits to a DOES appeals examiner. At a hearing before the appeals examiner, claimant presented testimony and other evidence that she was unable to come to work on December 20, due to inclement weather and that another employee, Shaara Watts, who had also had a period of tardiness, had been placed on probation and financially punished but not terminated for that conduct.

Petitioner presented testimony and other evidence showing that claimant had been absent or tardy numerous times in the year preceding her termination, that she had been warned once in March of 1995, placed on probation in July of 1995, and, in December of 1995, after successfully completing her probationary period and subsequently reverting to her prior pattern of tardiness and absenteeism, had received notice that a determination of whether she would be terminated or suspended would be made in January, 1996, but that, in the meantime, any tardiness for any reason would result in her termination. Petitioner also presented evidence of its company policy regarding tardiness and absenteeism, which petitioner claimed claimant had violated. Petitioner denied that the policy regarding absenteeism and tardiness was inconsistently applied, and presented evidence that Ms. Watts had been placed on probation as had claimant, but that Ms. Watts' attendance had improved and therefore she was not terminated. In addition, petitioner contended that claimant could have made it into work on December 20, 1995, as all other firm employees were there, the federal government was open, and public transportation in petitioner's neighborhood was running.

The appeals examiner denied claimant's appeal. Making no findings regarding the consistency of application of the attendance rules at petitioner's company, the examiner concluded that claimant was terminated for

engaging in gross misconduct after she continued to be tardy and absent from work following a verbal and written warning and a period of probation. In her findings of fact, the examiner also noted that claimant had advised the office at 8:45 a.m., on December 20, 1995, that she was snowed in and would be in as soon as the roads were plowed, that the buses in claimant's neighborhood were working that day, and that claimant refused to take a bus, stating instead that she would come in as soon as her streets were plowed.

Claimant then appealed the decision to OAR, contending that the appeals examiner erred in considering claimant's entire attendance record when both parties made specific reference to the December 20th incident, in not considering mitigating circumstances in disqualifying claimant from benefits, and in failing to make sufficient findings regarding the consistency of the application of petitioner's attendance policy. OAR reversed the decision of the appeals examiner on two grounds. First, OAR determined that the appeals examiner erred by considering events that occurred prior to the December 20th incident without considering the events of that day. Accepting the "uncontradicted" evidence that claimant was prevented from reporting to work by "an act of God," OAR determined that claimant's absence from work that day was not wilful and therefore could not support a denial of benefits based on a discharge for wilful misconduct. Next, OAR noted that even accepting the allegations that claimant's conduct prior to December 20th resulted in her termination, the employer had failed to show that the employer's rules that were the basis for her discharge were consistently applied. Again, OAR accepted the "uncontradicted" testimony indicating that another employee of petitioner had been placed on probation but not fired for violation of the attendance policy as supporting this conclusion.

## II.

▮▮▮ On appeal from an agency decision, "[t]his court ... is limited to determining

**1.** Under D.C.Code § 46–111(b)(1) (1981, 1996 Repl.), "any individual who has been discharged for gross misconduct occurring in his most re-

cent work ... shall not be eligible for benefits...."

whether the Director's order is in accordance with law and supported by substantial evidence in the record." *King v. District of Columbia Dep't of Employment Servs.*, 560 A.2d 1067, 1072 (D.C.1989) (citing *Joyner v. District of Columbia Dep't of Employment Servs.*, 502 A.2d 1027, 1029 (D.C.1986)). In addition, we must make sure "that the Director has accorded proper deference to the examiner's fact-finding role." *KOH Systems v. District of Columbia Dep't of Employment Servs.*, 683 A.2d 446, 449 (D.C.1996) (citing *Santos v. District of Columbia Dep't of Employment Servs.*, 536 A.2d 1085, 1088 (D.C. 1988)).

■ Petitioner contends that OAR erred in considering claimant's conduct on December 20, 1995, as the sole basis for her discharge. When two reasons for discharge are presented by an employer, the appeals examiner must make a finding as to whether those reasons were independent or whether they each contributed toward a "critical mass" that ultimately resulted in the employee's discharge. *See Smithsonian Inst. v. District of Columbia Dep't of Employment Servs.*, 514 A.2d 1191, 1194 (D.C.1986)(quoting *Jones v. District of Columbia Unemployment Compensation Bd.*, 395 A.2d 392, 396–97 (D.C. 1978)). In the present case, however, petitioner alleged only that claimant was discharged for being late and absent from work. The appeals examiner found that the claimant's "continued tardiness and absenteeism," following "verbal and written warning and a period of probation," resulted in her discharge and constituted misconduct. OAR rejected this finding and concluded that claimant was discharged solely as a result of her December 20, 1995 absence.

■ This rejection of the appeals examiner's finding by OAR was erroneous. The memo referenced by OAR in support of this conclusion, in which, according to OAR, "any discharge for prior absences or tardiness was put on hold by the employer," states in addition that "[p]ending review of this matter, if you are late during this period, ... you will be terminated." Thus, the record indicates that it was petitioner's past behavior that created the situation resulting in her termination for her December 20th absence. The

appeals examiner made findings indicating that her decision reflected these considerations. The appeals examiner's findings also indicate that she considered the events that took place the day claimant was terminated. The appeal examiner's conclusion that claimant's conduct was "wilful" was supported by her findings that the buses were running on the day claimant was terminated and that other employees of the company had come into work. OAR, therefore, erred in rejecting the findings of the appeals examiner. *See KOH Systems, supra,* 683 A.2d at 449 ("The Director accordingly is bound by the examiner's findings of fact if supported by substantial record evidence.").

### III.

■ As an alternative basis for overturning the appeals examiner's decision, OAR notes that the appeals examiner failed to make findings regarding the consistency of application of petitioner's tardiness and absenteeism rules. When a charge of gross misconduct is based on a violation of company rules, the appeals examiner must make findings of fact regarding whether the employee was aware of the rule, the rule was reasonable, and the rule was consistently enforced by the employer. *See McCaskill v. District of Columbia Dep't of Employment Servs.*, 572 A.2d 443, 446 (D.C.1990); DCMR § 312.7 (1994). In this case, OAR was correct in concluding that the appeals examiner failed to make findings regarding the consistency issue.

■ Rather than remanding the case to allow the appeals examiner to make findings regarding this issue, however, OAR determined that it was "uncontradicted" in the record that the policy was inconsistently applied. This finding is not supported by substantial evidence. Rather, the record indicates that the employer testified not only that the policy was consistently applied and that any other employee would be treated as claimant was, but also that another employee who was habitually tardy had been placed on probation, just as claimant had, but had remedied her behavior, unlike claimant, and therefore kept her job. Thus, claimant's as-

sertion that the policy was inconsistently applied was contradicted by petitioner at the hearing. Because the hearing examiner failed to make any findings regarding the consistency of application of the company's absenteeism policy, we must remand. *See Colton v. District of Columbia Dep't of Employment Servs.*, 484 A.2d 550, 552 (D.C. 1984) ("[T]his court cannot fill the gap by making its own determination from the record....") (citing *Lee v. District of Columbia Zoning Comm'n*, 411 A.2d 635, 639 (D.C. 1980)).

*Reversed and remanded.*