**DISTRICT OF COLUMBIA, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**No. 97–AA–1010.**

District of Columbia Court of Appeals.

Argued Dec. 11, 1998.

Decided Aug. 12, 1999.

---

Shelia Kaplan, Assistant Corporation Counsel, with whom Jo Anne Robinson, Principal Deputy Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief for petitioner.

Laryce Woodyear–Dowe, for respondent.

Before TERRY, STEADMAN and REID, Associate Judges.

REID, Associate Judge:

Petitioner, the District of Columbia, petitions for review of a decision of the Office of Appeals and Review ("OAR") of the Department of Employment Services ("DOES") which reversed the appeals examiner's decision and granted Ava L. Orr unemployment benefits. On appeal, the District contends that the OAR erred by ruling that the District of Columbia Department of Corrections provided insufficient evidence to show that Department Order 3350.2 was consistently enforced. We agree, reverse the OAR's decision, and remand this case to the Director for further action not inconsistent with this opinion.

## FACTUAL SUMMARY

Ava L. Orr was employed as a Correctional Officer with the District of Columbia Department of Corrections ("DOC") from January 13, 1991 until April 26, 1996. On March 21, 1996, DOC issued Ms. Orr a letter of "proposed removal from office" for violation of Department Order 3350.2, which prohibits intimate relationships with inmates. In her written response, Ms. Orr denied ever having a relationship with an inmate and asserted that the telephone number and address relied upon by DOC in its investigation did not belong to her. On April 15, 1996, concluding that Ms. Orr had in fact violated rule 3350.2, the DOC issued Ms. Orr a dismissal letter effective as of April 26, 1996.

On July 5, 1996, a claims examiner determined that Ms. Orr was eligible for unemployment benefits since "no disqualification [had] been imposed based on separation from [her] employment." The District of Columbia ("District") requested a hearing to establish whether Ms. Orr had been terminated for misconduct under D.C.Code § 46–111(b)(1) (1996),[1] and was thereby disqualified from receiving benefits. A hearing was held on August 13, 1996. Lieutenant Gregory A. King and Sergeant Terry Battle testified on DOC's behalf. In particular, Lieutenant King testified that DOC trained all of its employees pre-service and in-service on its regulations, including rule 3350.2, and that DOC required employees to sign a statement attesting to the fact that they had received such training. Further, Lieutenant King testified that there were some employees still working at DOC who had violated rule 3350.2. At this point, the following colloquy ensued:

> APPEALS EXAMINER: Okay, since I indicated at the beginning of the Hearing, in order for you to find that someone has engaged in misconduct, where they have violated a policy, there must be a showing that the policy was consistently enforced. What would your response be if I said, well, how can you say that [the rule] was consistently enforced if Ms. Orr was fired and some people were not?
>
> LIEUTENANT KING: Because of procedural errors. Either the investigation was done incorrectly, or there was just general procedural errors. They violated the employees' rights. Under Union contract, or whatever the matter may be.

Ms. Orr, who was not present for the hearing but participated by telephone, testified that she was aware of rule 3350.2 and had received training on it, but denied violating the rule.

On August 16, 1996, the appeals examiner determined that Ms. Orr was disqualified from receiving unemployment benefits since DOC had met its burden of showing misconduct pursuant to D.C.Code § 46–111(b)(1) (1996) and 7 DCMR § 312.4 (1986).[2] Further, the appeals examiner concluded that "[Ms. Orr]'s violation of employer's rule that was known to her, reasonable and consistently enforced constitutes gross misconduct." In addition, the hearing examiner made an express factual finding that "[t]he rule is ... found to be consistently enforced."

Ms. Orr appealed the appeals examiner's ruling. On May 7, 1997, the OAR reversed the appeals examiner's decision and awarded unemployment benefits on the sole ground that DOC's evidence [was] insufficient to prove consistent enforcement under rule 7 DCMR § 312.4(c). The OAR based its decision on the fact that, according to Lieutenant King, some people who had violated the rule were still employed by DOC because of "procedural errors, union problems and 'what ever the matter may be.'" The District timely appealed.

## ANALYSIS

The District contends that the OAR erred by ruling that the DOC provided insufficient evidence to show that rule 3350.2 was consistently enforced. On the contrary, the District asserts that Lieutenant King's testimony, the same evidence

1. D.C.Code § 46–111(b)(1) (1996) provides in pertinent part:

   [A]ny individual who has been discharged for gross misconduct occurring in his most recent work, as determined by duly prescribed regulations, shall not be eligible for benefits ....

2. 7 DCMR § 312.4 provides:

   If violation of the employer's rules is the basis for a disqualification from benefits because of misconduct, the Director shall determine the following:
   (a) That the existence of the employer's rule was known to the employee;
   (b) That the employer's rule is reasonable; and
   (c) That the employer's rule is consistently enforced by the employer.

relied upon by the OAR when reversing the appeals examiner's decision, established that the rule against intimate relationships with inmates was consistently enforced, and that despite consistent enforcement "some violators of this rule were still at DOC ... because of technical or procedural errors in the adverse action process." Therefore, the District asserts that the appeals examiner's conclusion that rule 3350.2 was consistently enforced was correct and supported by substantial evidence.

In response, DOES contends that OAR correctly reversed the appeals examiner's decision since DOC preferentially applied the regulation in favor of males. DOES further argues that "[t]his apparent preferential treatment for men was explained as being the result of procedural blunders." [3]

■■■■ " 'An agency's findings of fact and conclusions of law must be affirmed if they are supported by substantial evidence.' " *Franklin v. District of Columbia Dep't of Employment Servs.,* 709 A.2d 1175, 1176 (D.C.1998) (quoting *District of Columbia v. Davis,* 685 A.2d 389, 393 (D.C. 1996)). " 'We will not disturb an agency's decision if it flows rationally from the facts which are supported by substantial evidence in the record.' " *Id.* (quoting *Oubre v. District of Columbia Dep't of Employment Servs.,* 630 A.2d 699, 702 (D.C.1993)). However, " 'we are required to set aside [DOES] holdings if they are not supported by substantial evidence in the record.' " *Jadallah v. District of Columbia Dep't of Employment Servs.,* 476 A.2d 671, 676 (D.C.1984) (quoting *Hawkins v. District Unemployment Compensation Board,* 381 A.2d 619, 622 (D.C.1977)).

■■■■ "In addition, we must make sure 'that the [OAR] has accorded proper defer-ence to the examiner's fact-finding role.' " *Harker v. District of Columbia Dep't of Employment Servs.,* 712 A.2d 1026, 1029 (D.C.1998) (quoting *KOH Sys. v. District of Columbia Dep't of Employment Servs.,* 683 A.2d 446, 449 (D.C.1996)). "OAR is bound by the factual findings supported by substantial evidence even if OAR would 'have reached a contrary result based on independent review of the record.' " *Shaw, Pittman, Potts & Trowbridge v. District of Columbia Dep't of Employment Servs.,* 641 A.2d 172, 175 (D.C.1994) (quoting *Santos v. District of Columbia Dep't of Employment Servs.,* 536 A.2d 1085, 1088 (D.C.1988)). "Since the substantial evidence issue is an issue of law, 'the reviewing court has the greater expertise, and the agency decision is therefore accorded less deference.' " *Dell v. Dep't of Employment Servs.,* 499 A.2d 102, 107 (D.C.1985) (quoting *Saah v. District of Columbia Board of Zoning Adjustment,* 433 A.2d 1114, 1116 (D.C.1981)). "The requirement of substantial evidence means 'more than a mere scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Shaw, Pittman,* 641 A.2d at 175 (quoting *Washington Post Co. v. District Unemployment Compensation Bd.,* 377 A.2d 436, 439 (D.C. 1977)).

■■■ In this case, the appeals examiner made an express factual finding that "[t]he rule is ... found to be consistently enforced." Accordingly, the OAR was bound by this finding so long as it was supported by substantial evidence in the record, and we conclude that it was. In particular, Lieutenant King provided sworn testimony that the rule was known to all employees and enforced, but with less than a 100 percent success rate due to procedural errors. *See Gunty v. Dep't of Employment*

---

**3.** DOES also argues that we should affirm the OAR's decision since the District failed to present sufficient evidence to prove that Ms. Orr violated rule 3350.2. However, the OAR's decision relied solely on the ground that DOC's evidence was insufficient to prove consistent enforcement of the rule. There-fore, we decline to address this argument since "[t]his court cannot uphold a DOES decision on grounds other than those actually relied on by the agency." *Jadallah v. District of Columbia Dep't of Employment Servs.,* 476 A.2d 671, 675 n. 3 (D.C.1984) (citation omitted).

*Servs.*, 524 A.2d 1192, 1198 n. 5 (D.C.1987) ("Gunty's sworn testimony directly addressed the factual issues in dispute and thus constituted substantial evidence for the hearing examiner's factual conclusions."). Further, Ms. Orr never alleged that the rule was inconsistently enforced at the hearing or anytime prior to filing her appeal with the OAR. Moreover, as the District points out, nothing in the record suggests that male violators of rule 3350.2 were "treated any differently than females."

Accordingly, since the appeals examiner's factual finding that the rule was consistently enforced was supported by substantial evidence in the record, the OAR was bound by that ruling "even if OAR would have reached a contrary result based on independent review of the record." As such, we are constrained to reverse the OAR's decision and remand this case to the Director for further action not inconsistent with this opinion.

*Reversed and remanded.*