**Robert E. McEVILY, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

**Washington Metropolitan Area Transit
Authority, Intervenor.**

No. 84–979.

District of Columbia Court of Appeals.

Argued Sept. 10, 1985.

Decided Nov. 27, 1985.

Peter J. Vangsnes, with whom James F. Green, Washington, D.C., was on brief, for petitioner.

Edward E. Schwab, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on Memorandum in Lieu of Brief, for respondent.

Patricia A. Brannan, with whom Vincent H. Cohen, Washington, D.C., was on brief, for intervenor.

Before NEBEKER and FERREN, Associate Judges, and PAIR, Senior Judge.

NEBEKER, Associate Judge:

Petitioner Robert E. McEvily appeals a decision of the Department of Employment Services (DOES) denying his claim for workers' compensation benefits. He contends that the Director erred in adopting the conclusion of the hearing examiner that petitioner's depression did not arise out of his employment and consequently should be denied benefits. We disagree and affirm.

Petitioner was employed in the personnel department of the Washington Metropolitan Transit Authority (WMATA) as head of the employee benefits branch from 1974 until he stopped working on December 1, 1982. Petitioner initially had a positive working experience at WMATA and generally enjoyed a good relationship with his supervisor, the Director of Personnel. In 1980, however, petitioner began to experience frustrations at work after an outside management consultant recommended that several managerial changes be made in the personnel department. Although the consultant's report did not make any negative comments about petitioner's performance, there is some indication that his supervisor resigned as a result of the report.

Subsequent to this reorganization, petitioner reported directly to the Assistant General Manager for Administration, Mrs. Carmen Turner. Although petitioner was not criticized or embarrassed by Mrs. Turner, he became frustrated by her failure to respond promptly to his work products and by what he perceived as her inattentiveness to his professional needs. Specifically, pe-

titioner felt that Mrs. Turner disregarded or forgot to review most of his work, declined to act on or approve any of his recommendations or proposals, and intervened in his longstanding practice of dealing directly with the Board of Directors. Believing that it was necessary for his mental health to give up his job, petitioner stopped working on December 1, 1982.[1]

Subsequently, petitioner filed a claim pursuant to The Workers Compensation Act (Act), D.C.Code § 36–301, *et seq.* (1981), seeking compensation benefits for a psychiatric disability in the form of a depressive reaction. Following a hearing at which petitioner testified on his own behalf, the hearing examiner concluded that petitioner's depression did not arise out of his employment and recommended that the claim be denied.[2] In the Final Compensation order dated July 18, 1984, the Director adopted the recommendation of the examiner, concluding that petitioner's evidence did not give a "rationalized account of the causal relationship between the depression and [petitioner's] work." On appeal, petitioner claims that such a causal relationship exists and that it was error to find otherwise. We disagree and affirm.

Our review of administrative proceedings is limited. We should not disturb a decision if it rationally flows from the facts relied upon and those facts or findings are substantially supported by the evidence of record. *Selk v. District of Columbia Department of Employment Services,* 497 A.2d 1056, 1058 (D.C.1985); *Washington Post Co. v. District Unemployment Compensation Board,* 377 A.2d 436, 439 (D.C. 1977); *see* D.C.Code § 1–1510(a)(3)(E) (1981). Substantial evidence is more than a mere scintilla. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). The hearing examiner in this case had substantial evidence to support his conclusion that petitioner's depression did not arise out of his employment at WMATA.

The examiner based his conclusion principally upon the evidence presented by Dr. Brian Schulman, who appeared in behalf of WMATA. Dr. Schulman, a board-certified psychiatrist, conducted an independent evaluation of petitioner, including an office consultation and administration of the Minnesota Multiphasic Personality Inventory. On the basis of this examination, Dr. Schulman concluded that petitioner suffered from both a cyclothymic disorder, which is a primary psychiatric illness, and a narcissistic personality disorder, which in Dr. Schulman's words, is "consistent with an individual who shows a heightened sense of entitlement, who demonstrates interpersonal exploitiveness, and regards relationships as characteristically alternating between extremes of over-idealization and excessive devaluation." Dr. Schulman opined further that both disorders pre-existed petitioner's employment at WMATA, and that there was no connection between his work situation and his predisposition to the illness which he experienced. Dr. Schulman could not find any incident, experience, or ongoing occurrence that represented a significant stressor that would have affected anyone who was not so predisposed. He concluded that there could be no reasonable assessment of job-related stress, because the nature of that stress was highly subjective to petitioner.

The testimony of Dr. Schulman, credited by the examiner, in conjunction with the

---

**1.** As petitioner's work frustrations grew, he also experienced various physical problems including hemorrhoids, kidney stones, headaches, abdominal pain, and hypertension.

**2.** To be compensable under the Act, an injury must be either an "accidental" injury that "arise[s] out of and in the course of employment," or an "occupational disease or infection" that "arises naturally out of such employment or as naturally or unavoidably results from such accidental injury." D.C.Code § 36–301(12) (1981).

additional evidence of record that revealed the poor health of petitioner's wife and his marital problems, provided a substantial basis from which to conclude that petitioner's depression did not arise out of his employment.[3] Accordingly, we find substantial evidence to support the conclusion that petitioner did not suffer a compensable injury under the Act and affirm the decision of DOES that he be denied benefits. D.C.Code § 1–1510(a)(3)(E) (1981).

*Affirmed.*

---

**3.** Petitioner, relying upon the "substantial" expert testimony and medical reports submitted in his behalf, urges us, in effect, to substitute our judgment for that of the Director, but this we are not free to do. Where there is substantial evidence to support the Director's findings, as here, then the mere existence of substantial evidence contrary to that finding does not allow this court to substitute its judgment for that of the Director. *Haight v. District of Columbia Alcoholic Beverage Control Board,* 439 A.2d 487, 495 (D.C.1981); *see Hockaday v. District of Columbia Department of Employment Services,* 443 A.2d 8, 12 (D.C.1982).