HENRY J. KAUFMAN & ASSOCIATES, INC., Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

No. 85–237.

District of Columbia Court of Appeals.

Argued Dec. 10, 1985.

Decided Jan. 24, 1986.

Harry Levy, for petitioner.

N. Denise Wilson-Taylor, Washington, D.C., with whom Michael A. Milwee, Washington, D.C., was on the brief, for respondent.

Before TERRY and STEADMAN, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

In the case before us, the Department of Employment Services affirmed a decision by an appeals examiner holding that a claimant for unemployment compensation was qualified for benefits because the termination of her employment was not due to misconduct within the meaning of D.C. Code § 46–111(b) (1984 Supp.). The employer has filed a petition for review, contending that the record clearly established misconduct, consisting of such behavior as chronic tardiness, refusal to cooperate with co-workers, and falsification of records. An examination of the transcript, however, impels us to hold that the final agency determination is supported by substantial evidence. Perceiving no error of law, we affirm.

The claimant was discharged by petitioner, an advertising and public relations firm, after about six months' employment as a secretary. The claims examiner, finding that she had been discharged for misconduct, *viz.*, consistent lateness and a poor attitude toward co-workers, determined that she was ineligible for benefits. The claimant appealed. A representative of the company testified that after claimant had been late in reporting for work some thirty-eight times during the first six months of employment, her supervisor had placed her on two weeks' probation, with a warning that because of repeated tardiness and unwillingness to get along with co-workers, she might be dismissed. When this period elapsed, the supervisor discharged her, noting that claimant's attitude had not improved.

The supervisor who took this action did not testify, but her memorandum to this effect was received in evidence, along with claimant's time and attendance records. The employer witness conceded that during the warning period, claimant had not been late.

In rebuttal, the claimant testified that while there was friction between herself and another employee, the office librarian, the fault lay with the latter, who repeatedly tried to get her to do work which the librarian was expected to perform, and also interrupted the claimant's efforts to carry out typing assignments from her superiors.

In a proposed decision, the appeals examiner found that because the claimant had been arriving on time after the warning notice had been given and that her own testimony—not contradicted except by hearsay—with respect to her job attitude, while demonstrating a personality conflict with another worker, attributed this conflict to the latter's behavior. On this evidence, he concluded that the claimant was "terminated, but not for misconduct within the meaning of the ... compensation law."

 Notwithstanding an appeal by the employer, the agency approved the proposed decision in a short memorandum. Had such approval been the only subject of the final agency decision, no serious objection could be lodged, as it was within the province of the hearing officer to assess the credibility of the witnesses, and the record before him shows evidentiary support for his findings. Plainly this court, under its limited authority to review agency proceedings, could scarcely hold that the findings adopted by the agency were unsupported by substantial evidence in the record. D.C.Code § 1–1510(a)(3)(E). *Neer v. District of Columbia Police and Firemen's Retirement Board,* 415 A.2d 523 (1980).

Petitioner points out, however, that the final decision states that it was reached not only "after a careful review of the record," but also after "due consideration ... [of] the additional statement filed by counsel for the employer." Such statement was accompanied by two affidavits (one by a fellow employee) averring that the claimant, who had access to the desk where the reception clerk kept daily attendance sheets, occasionally altered these records by changing entries disclosing absence or tardy arrivals. On this basis, petitioner argues that misconduct was clearly demon-

strated and therefore the agency decision should be set aside.

 If falsification of records had been proved at the appeals hearing, we would also agree that such action constituted the kind of misconduct which is a ground for disqualification under the unemployment compensation statute. Such evidence, however, was not offered until after the hearing examiner had made his findings. It is true that in second level appeals (*i.e.,* from hearing examiner to agency) motions for reconsideration based on newly discovered evidence must be considered by the agency under its own rules, 18 DCRR §§ 4610.3 and 4610.4, but the data relied upon by petitioner do not fall into this category. As one affidavit reveals, the petitioner possessed the information concerning the falsification of records, prior to the claimant's termination. It deliberately decided not to charge her with such conduct at the hearing in order to shield the identity of the informant. Plainly such evidence was not "newly discovered," and by failing to present it at the hearing, petitioner waived its right to be heard on this matter. Therefore, the agency was not authorized to consider the belated allegations of fact mentioned in petitioner's statement on appeal and the supporting documents. *Bowen v. District of Columbia Department of Employment Services,* 486 A.2d 694, 698 (D.C.1985). Accordingly, there was no breach of D.C.Code § 1–1509(e) (1981), which requires agencies to make findings of fact on each contested issue.

▇ Notwithstanding our observations in *Bowen,* however, petitioner insists that its statement on appeal constituted part of the record, because the final agency determination refers to "a careful review of the record, *including* evidence given at the hearing and *the statements on appeal"* (emphasis supplied).[1] While this phraseology is somewhat murky, we construe the agency memorandum as merely a recital of its having reviewed not only the record of the hearings, but also the written arguments advanced by the parties with respect to the findings to be drawn from it, *i.e.,* the briefs referred to by the agency as "statements." Such ambiguity might have been avoided, if the standard agency instructions to potential appellants used the words "briefs" or "argument" rather than "statement on appeal."

*Affirmed.*

---

1. The claimant in filing her "statement on appeal" also attached a document not proffered at the hearing—a glowing letter of recommendation signed by a former officer of the company. Petitioner objects to such document being accorded any consideration as it was not served upon it. As the agency determination seems to rest entirely upon the proposed decision of the hearing examiner, however, we conclude that such document did not shape the ultimate result.