John B. McLEAN, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 84–1232.

District of Columbia Court of Appeals.

Argued Nov. 22, 1985.

Decided March 28, 1986.

John B. McLean, pro se.

Michael A. Milwee, Washington, D.C., for respondent.

Before PRYOR, Chief Judge, and NEWMAN and ROGERS, Associate Judges.

PER CURIAM:

Petitioner McLean, *pro se*, challenges a decision of the Department of Employment Services (DOES) denying his claim for unemployment benefits on the ground that petitioner voluntarily left his job without good cause connected with the work. D.C. Code § 46–111(a) (1981). Specifically, McLean takes issue with the Examiner's determination that petitioner voluntarily quit. Because we find the conclusion that the employee voluntarily quit is not supported by substantial evidence in the record, we reverse.

I

Petitioner McLean was formerly employed as a full-time research assistant by Garfield Schwartz Associates (GSA) from June 1, 1981 until October 15, 1982. His full-time employment with GSA was terminated by the employer, but he remained on the GSA payroll as a paid consultant from October 15, 1982 until January 31, 1983. From February 1983 until May 1983, McLean did not perform any services for GSA. On May 8, 1983, petitioner filed his initial claim for unemployment benefits, stating he had been laid off by his employer for lack of work. Petitioner was found eligible for unemployment benefits and the employer appealed the determination to DOES.

At the appeal hearing, petitioner testified that during a mid-January telephone conversation, the employer, Dr. Schwartz, sought his consulting services for a new project. Both agreed the arrangement was satisfactory, and the employer was to call petitioner within a few days with a starting date. Petitioner further testified that Dr. Schwartz called him the following evening, reneged on the arrangement, and informed him there was no work available for petitioner at GSA. He also testified that prior to speaking with Dr. Schwartz he had a similar conversation about his consulting services with the office assistant.

Dr. Schwartz denied that the January telephone conversations with her had ever occurred, and testified that in January 1983, petitioner telephoned her assistant and resigned his position because of academic pressures at graduate school. The employer submitted an office copy of a February 1983 letter sent to McLean, referring to the conversation with the assistant. McLean denied receiving the letter. The Appeals Examiner reversed petitioner's eligibility status, finding petitioner voluntarily quit his job without good cause connected with the work. Petitioner appealed the voluntarily quit disqualification to the Director of the Office of Appeals. A final decision affirmed the Appeals Examiner's decision and adopted the Examiner's findings of fact and conclusions of law.

II

We cannot reverse the final decision of the agency if its facts are supported by substantial evidence of record, and its conclusions rationally flow from facts relied upon. D.C.Code § 1–1510(a)(3)(E) (1981); *Hockaday v. District of Columbia Department of Employment Services,* 443 A.2d 8, 11–12 (D.C.1982) (citations omitted). Nor can we substitute our judgment for that of the agency provided "the grounds upon

which the agency acted [were] clearly disclosed and adequately sustained." *Clark's Liquors, Inc. v. Alcoholic Beverage Control Board*, 274 A.2d 414, 418 (D.C.1971) (quoting *Securities & Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 84, 63 S.Ct. 454, 457, 87 L.Ed. 626 (1943)).

■ There is a regulatory presumption that an employee's leaving is involuntary, but this presumption is rebuttable. *Green v. District of Columbia Department of Employment Services*, 499 A.2d 870, 874 (D.C.1985) (citations omitted). This issue of voluntariness is "determined by reference to whether the employee's action was compelled by the employer rather than based on the employee's volition." *Hockaday v. District of Columbia Department of Employment Services, supra*, 443 A.2d at 10. In cases where voluntariness is disputed, the burden of proof rests with the employer; and the quantum of proof required to overcome the presumption is a fair preponderance of the evidence. *Green, supra*, 499 A.2d at 877.

In petitioner's case, the Appeals Examiner was presented with conflicting evidence on the issue of voluntariness. The petitioner testified he was laid off, while the employer testified petitioner resigned. Credibility determinations are within the agency's sphere of expertise, and such determinations are entitled to great weight. *Arthur v. District of Columbia Nurses' Examining Board*, 459 A.2d 141, 146 (D.C. 1983) (citing *In re Dwyer*, 399 A.2d 1, 12 (D.C.1979); *Monaco v. District of Columbia Board of Zoning*, 409 A.2d 1067, 1070 (D.C.1979)). Nevertheless, our review of the record convinces us that the facts developed at petitioner's hearing do not provide substantial evidence to support the Appeals Examiner's determination of voluntariness.

In *Nova University v. Educational Institution Licensure Commission*, 483 A.2d 1172, 1190 (D.C.1984), we pointed out:

This court does not undertake a de novo review of the record in an administrative proceeding. *E.g., Pendleton v. District of Columbia Board of Elections and Ethics*, 449 A.2d 301, 307 (D.C. 1982). Rather, we examine the record to determine whether the conclusion is reasonable, and based on "reliable, probative, and substantial evidence" of record. *Id.* at 304 (citing D.C. Code § 1–1509(e) 1981)). "Substantial evidence is more than a mere scintilla [of evidence]; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.["] *Jameson's Liquors, Inc. v. District of Columbia Alcoholic Beverage Control Board*, 384 A.2d 412, 418 (D.C.1978) (citations omitted) (quoting *Vestry of Grace Parish v. District of Columbia Alcoholic Beverage Control Board*, 366 A.2d 1110 (D.C. 1976)).

The Appeals Examiner found "claimant did express [to the employer] an interest in a continuing part-time arrangement on a regular basis." The Examiner also found that "[a]lthough there is a definite conflict of whether the claimant sought re-employment with the employer, while in search of work thereafter, the employer representative did note that work was available on or about the time of the claimant's separation." The Examiner concluded the petitioner quit his work with the employer for personal reasons and without good cause.

■ Petitioner and the employer agreed petitioner had contacted the employer's office assistant in January. The only evidence to contradict petitioner's statement that he had expressed his interest in consulting work to the office assistant was the hearsay testimony of Dr. Schwartz about what she allegedly had been told by the office assistant who spoke with petitioner. The employer failed to produce either the testimony or affidavit of the office assistant. The copy of the February 1983 letter relied on by Dr. Schwartz to support her

testimony was also hearsay; it stated only that she had been informed by the office assistant that petitioner was no longer able to work as a consultant. The copy of the letter, which petitioner denied receiving, was without the employer's letterhead or signature, and did not conform to the form of Dr. Schwartz's October 15, 1982 letter. This hearsay evidence is not the kind of "substantial evidence" on which the agency can base its resolution of directly conflicting testimony. *See Jadallah v. District of Columbia Department of Employment Services*, 476 A.2d 671, 676–77 (D.C.1984) ("It is one thing to hold that hearsay evidence is admissible at agency hearings, but quite another thing to say that the direct sworn testimony of a witness on a crucial fact can be effectively refuted by hearsay, *i.e.*, the statements of persons not produced as witnesses—and hence not subject to cross-examination—when the party relying on such statements is in a position to call the declarants to the stand"),[1] *cf. General Railway Signal Co. v. District Unemployment Compensation Board*, 354 A.2d 529, 532 (D.C.1976) (unless person who answered questionnaires available for cross-examination, documents are " 'not reliable, probative, and substantial evidence' " in administrative "proceeding where impeaching evidence has been introduced") (citation omitted).

Petitioner argued to the Director of the Office of Appeals and Review, by letter of June 29, 1984, that the employer's challenge to his claim for unemployment compensation benefits arose as a direct result of the employer's realization of the additional costs of such benefits. The Office of

Appeals and Review decision affirmed the decision of the Appeals Examiner stating that the letter had been considered. *Cf. Selk v. District of Columbia Department of Employment Services*, 497 A.2d 1056, 1059 (D.C.1985) (final decision by Director should be based on decision of hearing examiner and other materials in the record). *But see Kaufman & Associates, Inc. v. District of Columbia Department of Employment Services*, 503 A.2d 684, 686 (D.C. 1986) (new factual matter may not be introduced at a second-level appeal before the Office of Appeals and Review unless newly discovered). In our view, the letter not only offers an explanation of the employer's decision to contest the original eligibility determination, but further demonstrates the weakness of the evidence relied upon by the Appeals Examiner in concluding the employer had met its burden of proof to show petitioner left voluntarily.

Accordingly, we reverse and remand.[2]

*Reversed and remanded.*

PRYOR, C.J., dissents.

PRYOR, Chief Judge, dissenting:

I accept the majority opinion's recitation of the evidence. As is acknowledged, there was sharp issue of credibility presented. Allowing the fact-finder to weigh and evaluate the direct evidence and surrounding circumstances, I conclude there was substantial evidence to support the Agency's decision and therefore vote to affirm.

1. *See also id.* at 678–79 & n. 5 (Ferren, J., concurring).

2. We note our concern about the confusion at the hearing before the Appeals Examiner about the basis on which the separation decision would be made, and the failure of the Examiner to identify for the parties who had the burden of proof and when the burden of persuasion would shift. *See Babazadeh v. District of Columbia Hackers' License Appeal Board*, 390 A.2d 1004, 1009 (D.C.1978) (agency must inform a *pro se*

litigant of his basic procedural rights). In *pro se* proceedings, such clarifications assume added importance in view of our limited scope of review. They are also important where there is conflicting evidence before the Appeals Examiner. Here the employer's representative expressed concern about what proof was required to show voluntariness, and petitioner was never informed that the burden of persuasion had shifted back to him after the employer's representative had testified.