Charlene McCAMEY, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

No. 04–AA–211.

District of Columbia Court of Appeals.

Argued Sept. 27, 2005.

Decided Nov. 10, 2005.

Julie V. Bickham Abizaid, Washington, with whom David A. Colodny was on the brief, for petitioner.

Sheila Kaplan, Assistant Attorney General, with whom Robert J. Spagnoletti, Attorney General for the District of Columbia, and Edward E. Schwab, Deputy Attorney General, were on the brief, for respondent.

Before SCHWELB and RUIZ, Associate Judges, and KING, Senior Judge.

SCHWELB, Associate Judge:

Charlene McCamey has asked this court to review a decision of the Director of the District of Columbia Department of Employment Services (DC DOES) denying Ms. McCamey workers' compensation benefits for emotional injuries, including depression, anxiety and auditory hallucinations, allegedly resulting from an accidental physical injury suffered during the course of her employment. Ms. McCamey contends that the Director (as well as the Administrative Law Judge (ALJ), whose Compensation Order the Director affirmed) erred as a matter of law by applying the so-called "objective" test to the facts of record. Under the "objective" test, an employee seeking compensation for psychological injury is required to show that a person of normal sensibilities who has no history of mental illness would have suffered a similar psychological injury. *See Porter v. District of Columbia Dep't of Employment Servs.*, 625 A.2d 886, 888–89 (D.C.1993) (citing the Director's decision in *Dailey v. 3M Co. & N.W. Nat'l Ins. Co.*, H & AS No. 85–259 (May 19, 1988)). Ms. McCamey contends that the "objective" test articulated in *Dailey* and adopted in *Porter* has no application where, as here, the claimed emotional injury has been preceded by, and allegedly resulted from, an accident which the employee suffered on the job. Ms. McCamey's argument, though not unreasonable in principle, cannot be reconciled with our decisions in *Porter* and in *Landesberg v. District of Columbia Dep't of Employment Servs.*, 794 A.2d 607, 614–15 (D.C.2002). Accordingly, we affirm.

## I.

### THE PROCEEDINGS BEFORE THE AGENCY

Ms. McCamey was employed by the District of Columbia Public Schools (DCPS) as a visiting instructor for homebound students. On September 29, 2000, while on the job, Ms. McCamey suffered injuries to her forehead, lower back and neck when she fell as a result of the collapse of a table that she and another instructor were moving. The Administrative Law Judge (ALJ) who heard her case found that as a result of the fall, Ms. McCamey suffered frequent, extensive, and excruciating headaches. In addition, following the accident, McCamey was afflicted with "depression, panic attacks, confusion, auditory hallucinations, and memory loss."

The foregoing events, however, occurred in the context of a serious pre-existing psychological illness. During the mid-1990s, several years prior to the accident, Ms. McCamey had begun to experience psychological problems attributable in substantial part to the death of her father, who had spent most of his life in a mental

hospital.[1] Ms. McCamey was treated by a psychiatrist, Dr. Maria C. Hammill, and subsequently returned to work. It is undisputed that after completing her treatment regimen, Ms. McCamey was capable of performing her regular employment duties without incident. Indeed, the ALJ found that Ms. McCamey had not seen Dr. Hammill for several years prior to the workplace accident.

At issue in this case is Ms. McCamey's claim for temporary total disability benefits arising from the psychological injuries that she attributes to her workplace accident. Dr. Hammill, the treating psychiatrist, was of the opinion that the workplace incident exacerbated Ms. McCamey's pre-existing psychological disorder. Dr. Bruce Smoller, a psychiatrist who examined Ms. McCamey on behalf of DCPS, and who relied in part on an MRI scan of Ms. McCamey's brain and on thyroid tests, opined that the source of Ms. McCamey's psychological injury was not her accident, but rather a pre-existing psychosis. In a "Recommended Compensation Order" entered on April 22, 2003, the ALJ denied Ms. McCamey's claim for psychological injury. Applying to the record before him the Director's analysis in *Dailey* and this court's decision in *Porter*, the ALJ found

1. that "claimant herein has presented substantial evidence of a cognizable injury";

2. that Ms. McCamey's "stressors," *i.e.*, the aggravation of her pre-existing psychological condition, "did arise in the course of her employment,"[2] but

3. that Ms. McCamey failed to satisfy the "objective" standard approved in *Porter, i.e.*, that a person of normal sensibilities with no history of mental illness

would have suffered a similar psychological injury.

Ms. McCamey appealed to the Director of DC DOES. On February 10, 2004, the Director affirmed the ALJ's decision. The Director found, as had the ALJ, that "Claimant's pre-existing condition was exacerbated by a physical injury." The Director reasoned that although Dr. Hammill and Dr. Smoller expressed different opinions, "[n]either opined, and the evidence did not show, that an individual who did not have a pre-existing anxiety disorder would have suffered a psychological injury as a result of trauma to the head." Ms. McCamey filed a timely petition for review of the Director's decision.

## II.

## LEGAL ANALYSIS

■ The provision of the District's Comprehensive Merit Personnel Act (CMPA) governing workers' compensation claims states that, with exceptions not here applicable, the District of Columbia government "shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his or her duty." D.C.Code § 1–623.02 (2001). Workers' compensation statutes are to be "liberally construed for the benefit of the employee ..." and "[d]oubts, including the factual, are to be resolved in the employee's favor." *Harris v. District of Columbia Office of Workers' Comp.*, 660 A.2d 404, 408 (D.C.1995) (citations omitted). A work-related trauma or event that constitutes an "aggravation of a prior condition" is compensable. *Id.*

---

1. Ms. McCamey's condition was further aggravated by the death of her mother.

2. Although the ALJ did not expressly so state, it appears that he credited Dr. Hammill's opinion over that of Dr. Smoller.

In reviewing the Director's decision, we inquire first, whether the Director's findings are supported by substantial evidence on the record as a whole, and second, whether the Director's conclusions flow rationally from those findings and comport with the applicable law. *See, e.g., Red Star Express v. District of Columbia Dep't of Employment Servs.,* 606 A.2d 161, 163 (D.C.1992). Our review of the Director's legal conclusions is *de novo, Belcon, Inc. v. District of Columbia Water & Sewer Auth.,* 826 A.2d 380, 384 (D.C.2003), but we "accord great weight to any reasonable construction of [a] regulatory statute by [the] agency charged with its administration." *United Parcel Serv. v. District of Columbia Dep't of Employment Servs.,* 834 A.2d 868, 871 (D.C.2003) (citations omitted); *see generally Chevron, USA v. Natural Res. Def. Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

Ms. McCamey asserts that the Director's decisions with respect to workplace exacerbation of pre-existing psychological disorders have been inconsistent, and that we should therefore accord little weight to his ruling in the present dispute. Regardless of whether or not this criticism is well-taken, however,[3] we are compelled to rule in the employer's favor in this case because this court has previously approved the Director's analysis in *Dailey* and has applied it to the very kind of situation before us.

In *Porter,* the claimant, Collis E. Porter, was struck by a gurney while working as a nursing assistant at a hospital in the District. Ms. Porter was afflicted with a pre-existing personality disorder, and she asserted, as does Ms. McCamey, that as a result of the accident, she suffered from post-traumatic stress disorder. The hearing examiner ruled in favor of the employer, concluding that the accident was not the cause of Ms. Porter's psychological injury. The Director affirmed.

On review of the Director's decision, this court began its analysis by identifying the standard of causation that had been applied by the examiner and the Director. *Porter,* 625 A.2d at 888. We noted that although "the hearing examiner did not expressly apply the *Dailey* test or inquire, in *McEvily's*[4] language, whether petitioner had been involved in an 'incident [or] experience ... represent[ing] a significant stressor that would have affected anyone who was not so predisposed' ... [y]et in essence that is the test the examiner applied." *Id.* at 889. The court went on to state in *Porter:*

> Both the [E]xaminer and the Director concluded, in other words, that the gurney accident would not have caused a person lacking petitioner's subjective, pre-existing personality disorder to suffer the disability she now experienced.

*Id.*

Having ascertained that the agency's denial of benefits in *Porter* was implicitly based on *Dailey's* "objective test," the court went on to reject the very claim made here by Ms. McCamey, namely, that the *Dailey* standard has no application where the aggravation of a claimant's pre-existing psychological infirmity was occasioned by a physical injury rather than by job stress. The court stated:

---

3. We note that the very recent decision of the District of Columbia Compensation Board in *West v. Washington Hosp. Ctr.,* CRB (Dir.Dkt.) No. 99–97 (Aug. 5, 2005), *pet. for review pending,* No. 05-AA-876, is generally consistent with our decision in this case.

4. *McEvily v. District of Columbia Dep't of Employment Servs.,* 500 A.2d 1022, 1023 (D.C.1985).

*Nor is it decisive that petitioner ... cites a specific job-related accident as the cause of her disorder rather than less easily identified conditions of stress in the employment.* Whatever the triggering event or condition, the Director may properly apply a rule for causation in this difficult area of emotional injury that discourages spurious claims—one focusing on the objective conditions of the job and their effect on the "normal employee" not predisposed to the injury by a mental disorder.

*Id.* (emphasis added). The foregoing language controls the present case, for as the Director explained in his decision affirming the denial of Ms. McCamey's claim, neither Dr. Smoller nor Dr. Hammill was of the opinion that an individual who, unlike Ms. McCamey, did not have a pre-existing anxiety disorder would have suffered psychological harm as a result of a physical injury such as the one suffered by Ms. McCamey. The *Porter* decision also preempts Ms. McCamey's contention that "mental-mental claims" (*i.e.,* situations in which on-the-job mental stress has aggravated a pre-existing mental condition) should be treated differently from "physical-mental claims" (in which a physical injury was responsible for the exacerbation), and that only the former type of claim is precluded by *Dailey.*

Ms. McCamey seeks to distinguish *Porter* upon the ground that, in that case, the hearing examiner found that the incident with the gurney did not cause Ms. Porter's

psychological injury, while in the present proceeding, both the ALJ and the Director found that Ms. McCamey's fall did aggravate her pre-existing condition. This distinction, however, cannot survive *Porter.* As we have seen, the court in *Porter* construed the agency's "no causation" finding as having been implicitly grounded in the objective *Dailey* test. Significantly, in her brief to the Director, Ms. McCamey, who was not then represented by her present counsel, argued in effect that *Porter* was erroneously decided:

> [A] review of the *Porter* decision shows that the Court of Appeals did not really understand the distinction between psychological cases aris[ing] out of stress and those arising out of a physical injury. Although the claimant in that case had a physical injury, the [c]ourt did not distinguish between "physical-mental" and "mental-mental" claims. Rather, the decision simply refers throughout to "emotional" injuries.
>
> The [c]ourt's reliance on the Agency's interpretation also is not compelling. . . .

As a division of the court we are required to follow our decision in *Porter. M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C. 1971). We cannot simply rule that the court in that case did not understand the issues. Moreover, in *Landesberg,* 794 A.2d at 614, this court reiterated and relied on its decision in *Porter* in reaching the same result in a somewhat similar factual scenario.[5]

---

**5.** In *Landesberg,* citing *Porter,* we stated in pertinent part:

> With respect to Landesberg's claim that she developed post-traumatic depressive symptoms as a result of the accident, the hearing examiner found that the evidence relied on by Landesberg to support her claim was insufficient as a mater of law. We agree. While Landesberg's psychiatrist, Dr. Wood [,] opined that the January 17,

1990 accident caused emotional stress for Landesberg because it placed "limitations on [her] activities," such an opinion without more is insufficient to support a claim of disability based on emotional injury.

＊　　＊　　＊　　＊　　＊　　＊

First, based largely on admissions by Landesberg, the hearing examiner found that she was predisposed to psychological problems. Next, Dr. Wood's opinion did

We do not suggest that Ms. McCamey's position, grounded in the apparent unrestricted language of the statute and the broad remedial character of our workers' compensation scheme, is implausible in principle. Some courts in other jurisdictions have upheld claims comparable to hers. *See generally* 3 Arthur Larson, Larson's Worker's Compensation Law § 56.04(3) (2005). Indeed, we have held that the statute reaches the aggravation of an employee's *physical* condition resulting from workplace injuries. But in light of *Porter* and *Landesberg,* as well as *McEvily* and other authorities cited in *Porter,* Ms. McCamey's position, though ably and conscientiously presented, founders upon our precedents, and it cannot prevail unless those precedents are overruled by the court sitting en banc. Accordingly, the decision of the Director is

*Affirmed.*

not indicate that the conditions that caused the emotional injury were so stressful that a reasonable person not predisposed to psychological injury might suffer the same injury.

794 A.2d at 614.