**Sandra BUTLER–TRUESDALE,
Petitioner,**

v.

**AIMCO PROPERTIES,
LLC, Respondent.**

**No. 05–AA–937.**

District of Columbia Court of Appeals.

Submitted Dec. 20, 2007.
Decided March 20, 2008.

Sandra Butler–Truesdale, pro se.

No appearance for respondent.

Before FISHER, Associate Judge, and BELSON and SCHWELB, Senior Judges.

BELSON, Senior Judge:

Petitioner Sandra Butler–Truesdale seeks review of a final order of the District of Columbia Office of Administrative Hearings ("OAH") denying her unemployment compensation on the basis that she had voluntarily resigned from her employment without good cause connected with the work. She argues that the Administrative

---

Law Judge ("ALJ") "failed to consider all of the evidence and testimony" presented at the hearing. Because the ALJ did not make findings on all contested issues of material fact, we remand for further proceedings.

## I.

For four and one-half years, petitioner was employed as a residential service and events coordinator at an independent living facility for seniors. On April 11, 2005, petitioner submitted a letter to her employer explaining that she was resigning her employment because her daughter "is a working single parent and needs assistance with her son ... on a more consistent basis. We have come to the conclusion that at this time my resignation from this job is in his best interest."

Before the ALJ, however, petitioner raised three grounds in an effort to establish good cause connected with the work: (1) concern for her personal safety from harm by persons who reside in the facility; (2) the related issue of the negligence of management in failing to investigate and address incidents involving physical threats to her safety and verbal abuse; and (3) change in her job description and responsibilities from those for which she was hired. She expressed her first basis orally during the administrative hearing while the second and third grounds were presented principally in a two-page letter addressed to the OAH that was admitted into evidence at the hearing. In the letter, petitioner wrote that "the job was no longer a job that included programs and events for which I was previously hired." Attached to the letter was a seven-page document purporting to explain the change in her job description. Petitioner also addressed the change in the nature of her job briefly in her testimony. Before this court, petitioner argues that "the change of qualifications amount to a constructive discharge." In her letter to the OAH,

petitioner acknowledges that giving care to her grandson was "part of my decision" to terminate the employment.

In her order affirming the Claims Examiner's determination of ineligibility, the ALJ made a factual finding relating to only one of the three grounds petitioner raised: "Appellant had concerns about her personal safety and had filed a police report about a year ago concerning an incident at the building. Appellant did not raise these concerns when she submitted her resignation letter." In her conclusions of law, the ALJ stated: "If appellant was resigning because of fears for her personal safety, however, that concern should have been expressed to Appellee in some manner when she resigned." Thus, it appears that ultimately the ALJ found as a fact that petitioner did not resign because of concerns for her personal safety. The second and third grounds petitioner raised were not addressed in any part of the ALJ's final order.

## II.

■ Agencies are required to make factual findings "upon each contested issue of fact." D.C.Code § 2–509(e) (2001). When an agency has failed to consider and resolve each contested issue of material fact, we have remanded the case back to the agency for further proceedings. *Branson v. District of Columbia Dep't of Employment Servs.*, 801 A.2d 975, 979 (D.C.2002); *see Morrison v. District of Columbia*, 834 A.2d 890, 898 (D.C.2003) ("Where an agency fails to address an issue presented to it, we generally 'remand the case to [the Director] for a determination.' "). *Cf. District of Columbia Dep't of Employment Servs. v. Vilche*, 934 A.2d 356, 360 (D.C. 2007) (explaining that we "must affirm an OAH decision when (1) OAH made findings of fact on each materially contested issue of fact, (2) substantial evidence sup-

ports each finding, and (3) OAH's conclusions flow rationally from its findings of fact").

The petitioner in *Branson* claimed that she had good cause to leave her employment because her manager smoked at the place of employment. *Id.* at 977. She claimed that her manager's smoking created (1) personal medical problems due to her smoke allergy, and (2) an unsafe work environment for all employees. The agency considered and rejected petitioner's first claim that her smoke allergy constituted good cause connected with the work because she failed to inform her employer of her medical issue prior to her voluntary resignation, and denied compensation.[1] On review, however, we found that "nothing in the record indicates that any consideration was given to [her other] claim that she left because of an unsafe working environment, a different claim based on a different section of the regulations." *Id.* at 979.

We went on to state that we will not assume that an issue has been considered when there is no evidence in the record suggesting that it has been examined. *Id.* Consequently, "[s]ince the issue was presented to the agency, and the agency failed to address it, we ... remand[ed] the case to DOES for a determination of whether unsafe working conditions constituted good cause for Ms. Branson's voluntary resignation...." *Id.*

Here, petitioner presented three grounds for good cause connected with the work to the ALJ. The ALJ made a factu-al finding on one basis, but did not mention the other two in her final order.[2] Consequently, there is no indication that the ALJ considered whether petitioner's claims of change in the nature of her job and managerial negligence in failing to investigate and address threats to petitioner's safety were sufficient grounds for good cause connected with the work.

### III.

In the ALJ's final order, she stated "if [petitioner] was resigning because of fears for her personal safety, ... that concern should have been expressed to [her employer] in some manner when she resigned."

Neither applicable regulations nor this court's precedent requires that at the time she resigns an employee must inform her employer of the good cause connected with the work that has led to her resignation. Instead, our cases have discussed evidence of good cause connected with the work that an employee raised for the first time at an administrative hearing concerning whether a petitioner had established such good cause. *See Cruz v. District of Columbia Dep't of Employment Servs.*, 633 A.2d 66, 70–71 (D.C.1993) (noting that an employee who had voluntarily resigned had presented evidence of his good cause for leaving at a hearing); *Green v. District of Columbia Dep't of Employment Servs.*, 499 A.2d 870, 872 (D.C.1985) (explaining that an employee did not tell his employer

---

1. For "[i]llness or disability caused or aggravated by the work" to constitute good cause connected with work, employees must provide their employers with a medical statement prior to resigning so that the employer can verify the medical conditions and attempt to make accommodations. *See Bublis v. District of Columbia Dep't of Employment Servs.*, 575 A.2d 301, 303–304 (D.C.1990); 7 DCMR § 311.7(e) (1986). The regulations apply this

pre-notification requirement only to medical reasons.

2. It should be pointed out that the ALJ's task was made difficult by the fact that the *pro se* petitioner did not organize her presentation in a way that made readily apparent that she was advancing three separate grounds for establishing good cause.

of the good cause for voluntarily resigning that he presented at a hearing).

The statute is silent on whether pre-resignation notice of good cause connected with the work is required. *See* D.C.Code § 51–110(a) (2001). However, the regulations permit claimants to introduce evidence supporting their claim during an administrative hearing and, therefore, after leaving their employment. *See* 7 DCMR § 307.10(a) (1986). The regulations require that the employer receive notice prior to the employee's resignation only when medical reasons are grounds for good cause.[3] We have recently held that because the unemployment compensation statute "relies largely on lay persons, operating without legal assistance, to initiate and litigate administrative and judicial proceedings ... [, p]rocedural technicalities are particularly inappropriate in such a statutory scheme." *Rhea v. Designmark Serv., Inc.,* 942 A.2d 651, 655 (D.C.2008) (quoting *Goodman v. District of Columbia Rental Hous. Comm'n,* 573 A.2d 1293, 1299 (D.C.1990)). Thus, petitioner was entitled to present evidence of good cause for the first time at her hearing.

 We should add, however, that an ALJ may consider the reason or reasons for resignation that an employee gave at the time she resigned when assessing the employee's credibility. If the employee's later statements concerning her reasons for resigning differ from the reasons she gave when resigning and the difference is not adequately explained, an inference as to the employee's credibility may be drawn. *See McLean v. District of Columbia Dep't of Employment Servs.,* 506 A.2d 1135, 1137 (D.C.1986) (explaining that "[c]redibility determinations are within the agency's sphere of expertise, and such determinations are entitled to great weight"). Upon remand, the ALJ may, in determin-

ing whether petitioner actually resigned for good cause connected with the work, consider petitioner's resignation letter, but she must also consider all of the evidence presented at the administrative hearing.

## IV.

Because the ALJ did not make factual findings and conclusions of law on all three of petitioner's proffered grounds for good cause connected with the work that she presented at the hearing, we remand for further proceedings. Accordingly, the decision on review is hereby

*Reversed and remanded for further proceedings consistent with this opinion.*