*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-AA-695

HELEN WHITE, PETITIONER,

V.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT,

and

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, INTERVENOR.

Petition for Review of an Order of the District of
Columbia Department of Employment Services
Compensation Review Board
(CRB-165-13)

(Submitted April 21, 2015                    Decided July 23, 2015)

*Krista N. DeSmyter* was on the brief for petitioner.

*Eugene A. Adams*, Interim Attorney General for the District of Columbia at the time the brief was filed, *Todd S. Kim*, Solicitor General, *Loren L. AliKhan*, Deputy Solicitor General, and *Richard S. Love*, Senior Assistant Attorney General, filed a statement in lieu of brief for respondent.

*Kathryn H.S. Pett*, *Sarah O. Rollman*, and *Donna J. Henderson* were on the brief for intervenor.

Before BECKWITH and MCLEESE, *Associate Judges*, and NEBEKER, *Senior Judge*.

MCLEESE, *Associate Judge*: Petitioner Helen White seeks review of an order denying her workers' compensation benefits. The Compensation Review Board (CRB) concluded that Ms. White was not entitled to compensation for proposed medical treatments, because Ms. White could not show that the proposed treatments were reasonable and necessary. We affirm in part and reverse in part.

**I.**

The following facts are undisputed in this court. Ms. White worked as a bus operator for the Washington Metropolitan Area Transit Authority (WMATA) for twenty years. She injured her neck and lower back in a work-related accident in 2006. She has not returned to work since August 2006. Dr. Eric G. Dawson treated her with intramuscular injections, muscle relaxants, pain medication, anti-inflammatory medication, sleep medication, and physical therapy.

In 2008, the parties agreed that WMATA would be liable for all reasonable and necessary medical expenses that were causally related to the accident. In 2012, WMATA denied approval for additional treatment by Dr. Dawson. At WMATA's request, Dr. Louis Levitt performed an independent medical examination (IME) of Ms. White in early 2013. Dr. Levitt determined that Ms.

White did not need further medical treatment. A utilization review was then conducted to determine if further treatment by Dr. Dawson was reasonable and medically necessary. *See* D.C. Code § 32-1501 (18A) (2012 Repl.) ("'Utilization review' means the evaluation of the necessity, character, and sufficiency of both the level and [the] quality of medically related services provided an injured employee . . . ."). The reviewer determined that further treatment was not reasonable and necessary.

Ms. White contested that determination, seeking an award ordering WMATA to pay for the treatments proposed by Dr. Dawson. After an evidentiary hearing, an ALJ denied Ms. White's claim. Focusing on Dr. Dawson's recommendation that Ms. White continue to receive intramuscular injections, the ALJ found that such injections were not reasonable and necessary. The ALJ did not make a finding as to whether the other recommended treatments -- muscle relaxants, pain medication, anti-inflammatory medication, sleep medication, and physical therapy -- were reasonable and necessary. The ALJ did find -- without explanation -- that continued office visits with Dr. Dawson would not be reasonable and necessary. The CRB affirmed without explicitly addressing recommended medical treatments other than injections and continued office visits.

## II.

Ms. White argues that there was substantial evidence that all of the proposed medical treatments were reasonable and necessary. "Our limited role in reviewing the decision of the CRB permits us to reverse only if we conclude that the decision was arbitrary, capricious, or otherwise an abuse of discretion and not in accordance with the law." *Washington Hosp. Ctr. v. District of Columbia Dep't of Emp't Servs.*, 983 A.2d 961, 965 (D.C. 2009) (internal quotation marks omitted). "Our principal function in reviewing administrative action is to assure that the agency has given full and reasoned consideration to all material facts and issues." *Georgetown Univ. Hosp. v. District of Columbia Dep't of Emp't Servs.*, 916 A.2d 149, 151 (D.C. 2007) (internal quotation marks omitted). We will affirm an agency's factual determinations if the determinations are supported by substantial evidence in the record. *Washington Times v. District of Columbia Dep't of Emp't Servs.*, 724 A.2d 1212, 1216 (D.C. 1999).

## A.

There was substantial evidence to support a finding that the proposed injections were not reasonable and necessary. Although Dr. Dawson's report

explained why Dr. Dawson thought such injections were medically appropriate, Dr. Levitt's report concluded that there was "no clinical basis whatsoever" for the proposed injections. Ms. White argues that the ALJ could only consider the utilization-review report and Dr. Dawson's report. We concluded otherwise, however, in *Placido v. District of Columbia Dep't of Emp't Servs.*, 92 A.3d 323, 327 (D.C. 2014) ("[W]e defer to the CRB's conclusion that an ALJ may consider an IME physician's opinion when determining the reasonableness and necessity of medical services.").

**B.**

Ms. White also argues that the utilization-review report rested on the conclusion that Ms. White in fact was no longer suffering a work-related injury, which is contrary to the requirement that utilization review must "accept[] as a given the diagnosis of injury." 7 DCMR § 232.2 (2015). The CRB acknowledged that the language in the utilization-review report was ambiguous, but reasonably concluded that the report in any event concluded that further injections were not reasonable and necessary because injections had already been tried for a lengthy period and had failed. We see no basis for reversal on this point.

**III.**

Finally, Ms. White challenges the CRB's ruling with respect to the reasonableness and necessity of treatments other than injections. WMATA defends the CRB's ruling solely on the ground that Ms. White did not properly raise before the agency a claim involving such additional treatments. We disagree.

First, Ms. White's application for a formal hearing stated that Ms. White was seeking authorization not only for injections but also for "follow up care and medication." Second, when the ALJ asked at the evidentiary hearing if Ms. White sought payment specifically for the injections, Ms. White's attorney responded, "[t]hat's correct," but stated further that "[t]he treatment has also consisted of treatment for the cervical spine as well and recommendations for continued anti-inflammatory care with medication and then also follow-up orthopedic care." In seeking review of the ALJ's order, Ms. White made clear that she was seeking reimbursement not only for injections but also for other proposed treatments, including physical therapy, pain medication, muscle relaxants, and sleep medication. We view these consistent references to the other proposed treatments as sufficient to preserve the issue before the agency. WMATA does not argue that the ALJ or the CRB actually decided on the merits whether the other proposed

treatments were reasonable and necessary, and it is not apparent to us that the agency resolved that issue on the merits. Under the circumstances, we must remand the matter for further consideration of that issue. *See, e.g.*, *Butler-Truesdale v. AIMCO Props., LLC*, 945 A.2d 1170, 1171 (D.C. 2008) ("When an agency has failed to consider and resolve each contested issue of material fact, we have remanded the case back to the agency for further proceedings.").

The CRB's decision is affirmed in part and reversed in part, and the matter is remanded to the CRB to direct the ALJ to determine whether the additional proposed treatments were reasonable and necessary.

*So ordered.*